# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MABEL COLE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:08-cv-541 |
| v. | ) | |
| | ) | |
| JAMES A. BEROS and STEVE JORDAN, | ) | |
| Attorney for Teamsters Local Union 585, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

Pending now before the Court are DEFENDANT JAMES A. BEROS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) (Document No. 6) and DEFENDANT STEVE JORDAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) (Document No. 8). Plaintiff Mabel Cole, who is proceeding pro se, filed a handwritten response (Document No. 10) and the motions are ripe for disposition.

Standard of Review

The proper standard for evaluating motions to dismiss has been the subject of two recent binding decisions. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), all nine justices of the United States Supreme Court agreed that the oft-quoted standard that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" has been retired and "is best forgotten." *Id.* at 1968. The Court explained that a complaint must allege enough "facts" to show that a claim is "plausible" and not merely conceivable. *Id.* at 1965. The term "plausible" is not susceptible of mathematical quantification, but lies somewhere on the rhetorical spectrum between

"conceivable" or "speculative" and "probable." Indeed, the *Twombly* Court made a distinction between facts that were merely "consistent" with wrongful conduct and facts that would be "suggestive" enough to render the alleged conduct plausible. *Id.* at 1966. In particular, the Court upheld dismissal of a complaint alleging an antitrust conspiracy, despite "stray averments" that defendants had entered into an unlawful agreement, explaining that the plaintiff had alleged "merely legal conclusions." *Id.* at 1970. The Supreme Court also emphasized the need for district courts to prevent unjustified litigation expenses resulting from claims that are "just shy of a plausible entitlement." *Id.* at 1967, 1975.

In *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit further refined the *Twombly* standard. As the Court of Appeals explained, "notice pleading" pursuant to Rule 8(a)(2) remains intact, but requires the pleader to make a "showing" of entitlement to relief, and to give the defendant fair notice of what the claim is and the grounds upon which it rests. A pleader may not simply make a "bare averment that he wants relief and is entitled to it." *Id.* at 233. Labels, conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Id.* at 231. Rather, the now-applicable pleading standard is as follows: stating a claim requires a complaint with enough factual matter (taken as true) to raise a reasonable expectation that discovery will reveal evidence of all the necessary elements of Plaintiff's claims. *Id.* at 234.

Legal Analysis

Plaintiff's Complaint identifies Defendant Beros as the President of Teamsters, Chaffeurs, Warehousemen and Helpers, Teamsters Local Union 585. Defendant Jordan is an

2

attorney for Teamsters Local Union 585. The Complaint alleges that on November 30, 2005, Local 585 entered into a contract with Plaintiff to "Get me my job back." Plaintiff states in the Complaint that she was terminated due to her disability in violation of federal law. She contends that during an arbitration proceeding on April 7, 2006, she learned that the Local had no intention of seeking a return to work for Plaintiff. Sometime "later," Plaintiff learned that the settlement amount she was paid was known as the "paid to get rid of" contract between the employer and Local 585. The Complaint was filed on April 18, 2008.

Defendants Beros and Jordan raise similar arguments and their respective motions to dismiss will be addressed simultaneously. Defendants contend that, even accepting as true all of the well-pleaded allegations of the Complaint, it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Defendants contend that they cannot be held individually liable for acts which they performed (as President and attorney, respectively) on behalf of the Union. Defendants also claim that this lawsuit was not timely filed. In addition, Defendant Jordan contends that the Complaint has not set forth sufficient facts to adequately plead a legal malpractice claim.

Plaintiff's Response to the motions to dismiss does not directly address the specific contentions and arguments raised by Beros and Jordan. Rather, Plaintiff explains that she is claiming illegal termination because as of August 15, 2005, she had a disability that was protected by the Americans With Disabilities Act ("ADA") and her two daughters are also protected by the ADA. Plaintiff also contends that her rights under the Fourteenth Amendment were violated. Plaintiff's Response further explains that Beros was an agent of the union and that it was "common knowledge among Union members that the National [Union] most often accepts

3

the blame." Plaintiff argues that the applicable statute of limitations is four years.

The Court is compelled to agree with Defendants. The Complaint filed by Plaintiff in this case fails to state a valid claim for relief. The Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(b), provides that judgments against a labor organization are enforceable only against the union and not against any individual member. Section 185(b) has been interpreted expansively by the courts to provide broad protection for union representatives. In *Carina v. Stefan*, 376 F.3d 156 (3d Cir. 2004) (involving similar factual allegations), the United States Court of Appeals for the Third Circuit held that the LMRA immunizes an attorney hired by the union against legal malpractice claims from union members. Accordingly, the Court of Appeals affirmed the dismissal of the complaint for failure to state a claim. The same analysis governs this action. Beros and Jordan were named by Ms. Cole as defendants for actions taken by them in their respective roles as representatives of Local 585. It is somewhat unclear whether Ms. Cole intended to name the national union, the local union, or her former employer as a defendant. However, the case law is clear that Beros and Jordan, as individuals, are not proper defendants.[1]

Accordingly, DEFENDANT JAMES A. BEROS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) (Document No. 6) and DEFENDANT STEVE JORDAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) (Document No. 8) are **GRANTED**.

---

[1]The Court need not address Defendants' alternative argument regarding the statute of limitations. The Court acknowledges that in *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983), the United States Supreme Court concluded that claims for breach of a duty of fair representation against a union must be brought within six months. However, from Plaintiff's response, it appears that her claims may be based on legal theories other than breach of a duty of fair representation.

Leave to Amend Complaint

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.* Even if a plaintiff does not seek leave to amend the complaint after the defendant moves for dismissal, unless the district court finds that amendment would be inequitable or futile, the Court must inform the plaintiff that it has leave to amend the complaint within a set period of time. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). The district court may dismiss the action if the plaintiff does not file an amended complaint within that time, or if the plaintiff files a notice of her intent to stand on the complaint as filed.

If Ms. Cole chooses to file an amended complaint, it will be important for her to clearly identify the individual(s) and/or organizational entities that she intends to name as defendants. Ms. Cole must also determine the claim(s) she intends to assert and assure that the amended complaint contains sufficient factual allegations to render the claim(s) "plausible" in order to comply with the standard set forth in the referenced *Twombly* and *Phillips* cases.

An amended complaint, or notice of intent to stand on the current complaint shall be filed by Plaintiff on or before June 20, 2008.

SO ORDERED this 29th day of May, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: MABEL COLE
2341 Indian Creek Drive
Fayetteville, NC 28312
PRO SE
(Via US Mail)

Ronald G. Backer, Esquire
Email: rgbacker@rothmangordon.com