IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MABEL COLE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:08-cv-541 |
| v. | ) | |
| | ) | |
| JAMES A. BEROS and STEVE JORDAN, | ) | |
| Attorney for Teamsters Local Union 585, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM ORDER OF COURT

Pending now before the Court are DEFENDANT STEVE JORDAN'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (Document No. 14) and DEFENDANT JAMES A. BEROS' MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (Document No. 16). Defendants filed briefs in support of their respective motions. Plaintiff Mabel Cole, who is proceeding pro se, filed a handwritten response (Document No. 18) and the motions are ripe for disposition.[1]

Standard of Review

As the Court explained in its Order dated May 29, 2008, the proper standard for evaluating motions to dismiss has been the subject of two recent binding decisions. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), all nine justices of the United States Supreme Court agreed that the oft-quoted standard that a complaint may not be dismissed "unless it

---

[1] Ms. Cole also sent a letter dated July 18, 2008 directly to chambers. The letter is being returned to Ms. Cole because it is not appropriate to communicate with the Court in this manner. To bring matters to the Court's attention, a party must file a motion with the clerk of court.

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" has been retired and "is best forgotten." *Id.* at 1968. The Court explained that a complaint must allege enough "facts" to show that a claim is "plausible" and not merely conceivable. *Id.* at 1965. The term "plausible" is not susceptible of mathematical quantification, but lies somewhere on the rhetorical spectrum between `"conceivable" or "speculative" and "probable." Indeed, the *Twombly* Court made a distinction between facts that were merely "consistent" with wrongful conduct and facts that would be "suggestive" enough to render the alleged conduct plausible. *Id.* at 1966. In particular, the Court upheld dismissal of a complaint alleging an antitrust conspiracy, despite "stray averments" that defendants had entered into an unlawful agreement, explaining that the plaintiff had alleged "merely legal conclusions." *Id.* at 1970. The Supreme Court also emphasized the need for district courts to prevent unjustified litigation expenses resulting from claims that are "just shy of a plausible entitlement." *Id.* at 1967, 1975.

In *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit further refined the *Twombly* standard. As the Court of Appeals explained, "notice pleading" pursuant to Rule 8(a)(2) remains intact, but requires the pleader to make a "showing" of entitlement to relief, and to give the defendant fair notice of what the claim is and the grounds upon which it rests. A pleader may not simply make a "bare averment that he wants relief and is entitled to it." *Id.* at 233. Labels, conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Id.* at 231. Rather, the now-applicable pleading standard is as follows: stating a claim requires a complaint with enough factual matter (taken as true) to raise a reasonable expectation that discovery will reveal evidence of all the

necessary elements of Plaintiff's claims. *Id.* at 234.

Procedural History and Factual Background

The original complaint in this case was filed on April 21, 2008 and named only Beros and Jordan as defendants. Beros and Jordan filed motions to dismiss the complaint, on several grounds. In a Memorandum Order dated May 29, 2008, the Court granted the motions to dismiss, explaining that Beros and Jordan, as individuals, were not proper defendants. The Court gave Plaintiff leave to amend her complaint. On June 18, 2008, Plaintiff filed an Amended Complaint. Defendants Beros and Jordan have filed motions to dismiss the Amended Complaint.

Plaintiff's handwritten Amended Complaint (Document No. 12) does not contain any caption, which is not in accordance with the rules of civil procedure. *See* Fed. R. Civ. P. 10 (every pleading must have a caption and the title of a complaint must name all the parties). On June 26, 2008, Plaintiff filed a supplement (Document No. 13), which asks the clerk of court to add two attachments to the Amended Complaint. The first attachment purports to be a handwritten cover sheet, which contains a caption naming "Union Local 585 and its agents James Beros and Steve Jordan attorney" as Defendants.[2] The second attachment is typed and identifies all of the following as Defendants: "James Beros, Agent for Teamsters, Chauffeurs, Warehousemen, and Helpers, Local Union 585 in the capacity of President for Local 585 in

---

[2]This attachment is entitled "Amended Compliant [sic] and Appeal of Dismissal." Federal Rule of Civil Procedure 7 does not authorize a party to include an "amended complaint" and an "appeal" in the same document. The Court will construe Plaintiff's filing as an Amended Complaint. Plaintiff is hereby placed on notice that she has not filed a proper appeal of the Court's Order dated May 29, 2008.

3

affiliation with International and Brotherhood of Teamsters, Affiliated with Teamsters Joint Council No. 40. AND Teamsters, Chauffeurs, Warehousemen, and Helpers, Local Union No. 585 AND Steve Jordan, Attorney for Local 585." Plaintiff's response to the pending motions to dismiss has a slightly different caption, which identifies "Local 585 International Brotherhood of Teamsters and Agents James Beros, agent, and Steve Jordan, attorney for Local 585" as Defendants. There is no indication that either Local 585, Joint Council No. 40 or the International Brotherhood of Teamsters has been properly served with a summons and the Amended Complaint, *see* Fed. R. Civ. P. 4 and none of the union entities has filed a response. The union entities have not properly been made parties to this action, and thus, the Court will address only the claims asserted against Jordan and Beros.[3]

    Defendant Beros is alleged to be the President of Teamsters, Chaffeurs, Warehousemen and Helpers, Local Union 585 and Defendant Jordan is an attorney for Teamsters Local Union 585. The Amended Complaint alleges that Ms. Cole was suddenly hospitalized on August 15, 2005. When Ms. Cole notified her employer the next day, she was informed that she needed to fill out papers for Cobra coverage, which is offered to employees who have been fired. The Amended Complaint alleges that Ms. Cole had surgery on August 18, 2005 and remained off work for three weeks, using paid sick leave. The Amended Complaint alleges that suddenly, Plaintiff received a call from her employer ordering her to return to work with a doctor's order releasing her to full duty immediately and informing her that she was not eligible for leave under the Family and Medical Leave Act. At this point, Ms. Cole called Defendant Beros, who

---

[3] The Introduction to the Amended Complaint also appears to assert claims against Beverly Health Care. However, Beverly Health Care is not named as a Defendant in the caption of any pleading, has not been served and has not properly been made a party.

allegedly advised her to "take a request in for Medical Leave coverage in contract." The Amended Complaint alleges that the request was denied and on September 27, 2005, Plaintiff was fired. The Amended Complaint alleges that on October 14, 2005, Ms. Cole "would have been eligible for FFMLA." The Amended Complaint explains that Ms. Cole had worked 1250 hours but "was 15 days short of a year of employment with Beverly Health Care." Plaintiff contends that, had she been granted the medical leave to which she was entitled under the collective bargaining agreement, she would have been eligible for FMLA. The Amended Complaint alleges that Defendants Beros and Jordan were aware that she wanted her grievance to be argued based on the foregoing facts but disregarded her request. The Amended Complaint alleges that Ms. Cole relied on Jordan for the "legal stuff" and that Jordan interrupted the arbitration such that the arbitrator did not rule. The Amended Complaint alleges that Jordan explained to Ms. Cole that she was not going to get backpay or front pay, just $7,500.00, and that "they were not going to pay me one million dollars to sit home and watch Oprah." The Amended Complaint alleges that "the bargaining union agreed with Beverly Health Care and gave the appearance of misrepresentation by remaining silent." Ms. Cole contends that the actions of Beros and Jordan were fraudulent. She also asserts claims under the Fourteenth Amendment, Americans With Disabilities Act, and the Federal Family and Medical Leave Act.

Contentions of the Parties

Defendants contend that, even accepting as true all of the well-pleaded allegations of the Amended Complaint, it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Defendants contend that they are not subject to individual liability under the

Americans With Disabilities Act ("ADA")[4] or Family and Medical Leave Act ("FMLA"), that there has been no "state action" as required to establish a violation of the Fourteenth Amendment, and that they cannot be held individually liable for acts which they performed (as President and attorney, respectively) on behalf of the Union. Defendants also contend that a claim for the alleged breach of duty of fair representation is untimely. In addition, Defendant Jordan renews his argument that the Complaint has not set forth sufficient facts to adequately plead a legal malpractice claim.[5]

In response to the renewed motions to dismiss, which Ms. Cole believes to be based on the argument that the claims are untimely under contract law, Plaintiff contends that she has "claimed from the beginning this is a violation case of my civil rights." In support of this position, Plaintiff has submitted a copy of a Teamsters Local #585 Grievance Form filed on October 5, 2005, which describes the nature of Ms. Cole's grievance as "disability discrimination, violation of union contract medical leave, Title VII Civil Rights Act 1964 [and] Americans [With] Disability Act 1990."[6] Plaintiff further contends that the statute of limitations for violation of the ADA is four years.

Legal Analysis

Defendants Beros and Jordan raise similar arguments. Their renewed motions to dismiss will again be addressed simultaneously. The legal theories will be addressed seriatim.

---

[4]Defendants also raise the defense that Plaintiff failed to exhaust administrative remedies.

[5]Plaintiff has not asserted a legal malpractice claim in the Amended Complaint.

[6]Plaintiff is not pursuing a Title VII claim in this lawsuit.

1. Americans With Disabilities Act

Defendants do not argue that the ADA claim is untimely.[7] Rather, they contend that individuals cannot be held liable under the ADA. The Court agrees with Defendants. The ADA statute, 42 U.S.C. § 2000e-2(a), bars an "employer" from engaging in certain discriminatory employment practices. The term "employer" is defined in 42 U.S.C. § 2000e(b) to include "agents." However, it is clear that Beverly Health Care, and not the union, was Ms. Cole's employer. Beros or Jordan were not agents of Beverly Health Care. Accordingly, Plaintiff's claims against Beros and Jordan under the ADA must be dismissed.

2. Family and Medical Leave Act

For similar reasons, Plaintiff's claims against Beros and Jordan under the FMLA also fail. While Defendants recognize that individuals "acting in the interest of an employer" may be held individually liable under the FMLA, *see* 29 C.F.R. § 825.104(d), Beverly Health Care – not the union – was Ms. Cole's employer. There is no basis to conclude that Beros or Jordan were acting in the interest of Beverly Health Care. The Court further notes that, on the face of the Amended Complaint, Ms. Cole conceded that she was fifteen days short of becoming an "eligible employee" under the FMLA, *see* 29 U.S.C. § 2611(2)(A)(i). Accordingly, Plaintiff's claims against Beros and Jordan under the FMLA must be dismissed.

---

[7]The Court of Appeals for the Third Circuit has applied a two-year statute of limitations for ADA claims. *Burkhart v. Widener University, Inc.*, 70 Fed. Appx. 52, 53 (3d Cir. 2003) (non-precedential). The Court need not resolve this issue. Nor does the Court reach the question of whether Ms. Cole exhausted her administrative remedies.

3. Fourteenth Amendment

The Fourteenth Amendment to the United States Constitution states, in relevant part (emphasis added): "No **State** shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any **State** deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Violations of constitutional rights, such as those protected by the Fourteenth Amendment, are made actionable by 42 U.S.C. § 1983.

It is well-established that the Fourteenth Amendment is directed at "States" and regulates only governmental conduct and not the behavior of private citizens. Thus, proof of "state action" is an essential element of the claim. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). The Amended Complaint does not allege any "state action." Moreover, it is clear from the pleadings that Beros and Jordan are private individuals, acting on behalf of a non-governmental labor union. Accordingly, the Fourteenth Amendment claims against Beros and Jordan must be dismissed.

4. Breach of Duty of Fair Representation/Fraud

It is unclear whether Plaintiff is attempting to assert a claim for breach of the duty of fair representation. To the extent that she is asserting that claim, it must be dismissed as untimely. The Supreme Court held in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 169 (1983), that the six-month statute of limitations for filing unfair labor practice claims is applicable to suits against a union for breach of the duty of fair representation. The alleged conduct by Beros and Jordan set forth in the Amended Complaint occurred in connection with

8

Ms. Cole's arbitration hearing in April 2006. The original complaint in this case was filed more than two years later, well beyond the applicable limitations period. Thus, this claim must be dismissed.

A party must state with particularity the circumstances allegedly constituting fraud. Fed. R. Civ. P. 9. Ms. Cole has not done so. Moreover, as the Court explained in its earlier opinion, the United States Court of Appeals for the Third Circuit held in *Carina v. Stefan*, 376 F.3d 156 (3d Cir. 2004), that the Labor Management Relations Act immunizes an attorney hired by the union against legal malpractice claims from union members. The same analysis governs this action because Beros and Jordan were named by Ms. Cole as defendants for actions allegedly taken by them in their respective roles as representatives of Local 585 in connection with a labor grievance proceeding. Thus, the Amended Complaint does not state a cognizable fraud claim against Beros and Jordan.

Accordingly, DEFENDANT STEVE JORDAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) (Document No. 14) and DEFENDANT JAMES A. BEROS' MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) (Document No. 16) are **GRANTED**.

Leave to Amend Complaint

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). The Court's Order of May 29, 2008 gave Ms. Cole an opportunity to amend her original complaint. In so doing, the Court stated:

If Ms. Cole chooses to file an amended complaint, it will be important for her to clearly identify the individual(s) and/or organizational entities that she intends to name as defendants. Ms. Cole must also determine the claim(s) she intends to assert and assure that the amended complaint contains sufficient factual allegations to render the claim(s) "plausible" in order to comply with the standard set forth in the referenced *Twombly* and *Phillips* cases.

Ms. Cole did file an amended complaint, but she has fallen far short of the applicable standard. Plaintiff has not clearly identified any individuals and/or entities that she may have intended to have included as defendants and has not issued or served process on any. Further, for the reasons set forth above, she has again failed to state a claim upon which relief can be granted. The Court concludes that permitting further amendment would be futile and inequitable. Accordingly, leave to amend the complaint a second time is denied. This case is dismissed with prejudice and the clerk shall docket it closed.

SO ORDERED this 29th day of July, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: MABEL COLE
2341 Indian Creek Drive
Fayetteville, NC 28312
PRO SE
(Via US Mail)

Ronald G. Backer, Esquire
Email: rgbacker@rothmangordon.com